UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICIA E. WEIR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-00442 |
| DIVERSIFIED CONSULTANTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes PATRICIA E. WEIR ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, against Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Terre Haute, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant promotes that "[o]ur services offerings include both first and third party collections"[1] Defendant is a corporation organized under the laws of the state of Florida with Crawford, John Resq as its registered agent located at 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. Purportedly, plaintiff incurred debt as a result of nonpayment of cellular phone services ("subject debt").

10. Until recently, Plaintiff lived in a women's shelter, after surviving years of abuse.

11. Plaintiff has begun to rebuild her life and has gained stable housing.

12. However, around the Spring of 2018, Plaintiff began receiving calls to her cellular phone, (812) XXX-3635, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole operator of the cellular phone ending in -3635.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.dcicollect.com/about/

14. Defendant uses several phone numbers to contact plaintiff, including (502) 301-1989, (502) 242-1175, (502) 242-1215, (502) 242-1315, (502) 200-0801, and (502) 830-0053, when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

15. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

16. Plaintiff was confused as to how Defendant obtained her phone number, considering the fact that she was recently assigned the phone number ending in -3635.

17. Upon information and belief, Defendant obtained Plaintiff's cellular phone number ending in -3635 via skip-tracing technology.

18. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant was seeking to collect the subject debt.

19. Plaintiff informed Defendant of her financial hardship and her inability to address the subject debt.

20. Notwithstanding this information, Defendant continued placing repeated phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt.

21. Frustrated by Defendant's refusal to understand her position, Plaintiff demanded that Defendant stop calling her cellular phone.

22. In spite of Plaintiff's demand, Defendant has continued to call her cellular phone up through the filing of this action.

23. Plaintiff has received not less than 50 phone calls from Defendant since asking it to stop calling.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 1994.[2]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to

---

[2] http://www.acainternational.org/search#memberdirectory

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

35. Defendant further violated § 1692d by repeatedly contacting Plaintiff knowing that Plaintiff was going through financial hardships and could not address the subject debt. Armed with this information, Defendant nevertheless continued relentlessly contacting Plaintiff in an attempt to collect the subject debt. A consumer in Plaintiff's financial situation would undoubtedly find such conduct harassing, oppressive, and abusive.

    b. **Violations of the FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her. Instead of putting an end to this harassing

5

behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her after she explained that she could not pay.

39. Defendant also violated §1692e and e(10) through its acquisition of Plaintiff's phone number. Plaintiff did not provide Defendant with consent to contact her cellular phone number ending in -3635.  Upon information and belief, Defendant used skip-tracing technology to obtain Plaintiff's cellular phone number. Accordingly, Defendant used deceptive means to obtain information and collect upon Plaintiff.

    c.  **Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

42. As pled in paragraphs 23 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, PATRICIA E. WEIR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  September 28, 2018                                Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Southern District of Indiana | Admitted in the Southern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com